[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 21, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12410
Non-Argument Calendar

_____

BIA No. A97-207-860

ROSETTE ANNIE NGONGANG-NJITIE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(March 21, 2008)**

Before ANDERSON, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Rosette Annie Ngongang-Njitie, a native and citizen of Cameroon, proceeding pro se, seeks review of the Board of Immigration Appeals's ("BIA") decision affirming the immigration judge's ("IJ") order denying her application for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 U.S.C. §§ 1158, 1231, 8 C.F.R. § 208.16.

Ngongang's claims are premised on the fact that shortly before leaving Cameroon, she was attacked and raped. In her asylum application, Ngongang stated she had been attacked because she had previously spoken about issues such as rape and abortion. During her asylum hearing, Ngongang testified about several attacks suffered by family members because of her father's political affiliation. She believed the rape was also an attack based on her association with her father. She stated that the men who raped her told her it was to harm her family and because she acted like the mother of God. These explanations for the rape varied from the explanations she provided in her asylum interview and a psychological report.

The IJ and BIA denied Ngongang's claims based on an adverse credibility finding. In support of its finding, the BIA referenced inconsistencies involving the nature, severity, and circumstances of the rape, the date of the rape, the identity of

2

the rapists, the reason she was raped, and the nature and extent of both Ngongang's and her father's political activities. Additionally, the BIA cited Ngongang's failure to provide corroborating evidence. On appeal, Ngongang argues that the BIA's adverse credibility determination was not supported by substantial evidence, and the record provides adequate explanations for any inconsistencies.[1]

We review only the BIA's decision, "except to the extent that it expressly adopts the IJ's opinion." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we review the IJ's decision as well." Id. (citations omitted). In this case, the BIA issued a written opinion and adopted, in part, the IJ's reasoning insofar as the IJ explained the inconsistencies and lack of corroborating evidence as a basis for making its adverse credibility determination. Accordingly, we review the BIA's opinion and the portion of the IJ's decision that the BIA expressly adopted. See Al Najjar, 257 F.3d at 1284.

The BIA's factual determinations are reviewed under the substantial evidence test, and we will "affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a

---

[1] Ngongang does not raise any argument in her brief regarding the BIA's denial of her claim that the IJ's lack of neutrality violated her due process rights, so she has abandoned that issue. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (holding that, where an appellant fails to raise arguments regarding an issue on appeal, that issue is deemed abandoned). Additionally, to the extent that Ngongang argues that the inconsistencies were the result of an inaccurate translation of her testimony, she raises this claim for the first time on appeal. We lack "jurisdiction to consider claims that have not been raised before the BIA." Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003)

whole." Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (quotations and citations omitted). The substantial evidence test is "highly deferential" and does not allow "reweigh[ing] the evidence from scratch." Id. "A credibility determination, like any fact finding, may not be overturned unless the record compels it." Id. at 1287 (quotations and citations omitted).

An alien who arrives in or is present in the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Secretary of Homeland Security or the Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). The asylum applicant carries the burden of proving statutory "refugee" status. Al Najjar, 257 F.3d at 1284. To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287.

To qualify for withholding of removal under the INA, an alien must show that if returned to her country, the alien's life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). Generally, where an alien fails to meet the "well-founded fear" standard for establishing asylum

4

eligibility, the alien cannot satisfy the higher burden for withholding of removal. Al Najjar, 257 F.3d at 1292-93.

"To demonstrate eligibility for CAT protection, an applicant must show that it is more likely than not that she will be tortured in her home country at the hands of her government or that her government will acquiesce in the torture." Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 438 (11th Cir. 2004). The burden of proof for an applicant seeking relief under the CAT also is higher than the burden imposed on an asylum applicant. Al Najjar, 257 F.3d at 1303.

"The asylum applicant must establish eligibility for asylum by offering credible, direct, and specific evidence in the record." Forgue, 401 F.3d at 1287 (quotation omitted). "Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1255 (11th Cir. 2006). If credible, an alien's testimony may be sufficient, without corroboration, to sustain his burden of proof in establishing his eligibility for asylum. Forgue, 401 F.3d at 1287. Although uncorroborated but credible testimony may be sufficient to sustain an applicant's burden of proof, "[t]he weaker an applicant's testimony, however, the greater the need for corroborative evidence." Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). Furthermore, "an adverse credibility determination alone may be sufficient to support the denial of an asylum

5

application." Forgue, 401 F.3d at 1287. However, "an adverse credibility determination does not alleviate the IJ's duty to consider other evidence produced by an asylum applicant." Id.

The IJ must make an explicit finding of adverse credibility. See Yang, 418 F.3d at 1201. "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence." Forgue, 401 F.3d at 1287 (citations and quotations omitted). When the IJ enumerates an applicant's inconsistencies and those findings are supported by the record, "we will not substitute our judgment for that of the IJ with respect to its credibility findings." D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 819 (11th Cir. 2004).

The IJ provided specific, cogent reasons for her credibility determination, with which the BIA agreed, and these findings are supported by substantial evidence. Ngongang's testimony was materially inconsistent with her asylum application and her asylum interview. Ngongang provided conflicting statements regarding the date of her rape, the reason for the rape, and the nature and severity of her family's persecution. In addition, she failed to explain these discrepancies adequately, and she failed to produce evidence to corroborate her claims. Therefore, substantial evidence supports the BIA's adverse credibility finding and denial of asylum because the BIA had reason to doubt Ngongang's testimony

6

based on the numerous inconsistencies and omissions, and her failure to provide corroborative evidence to substantiate her claims.  She likewise has failed to establish eligibility for withholding of removal under the INA and under the CAT, because they carry a higher burden of proof than asylum claims.  Accordingly, we deny the petition for review.

**PETITION DENIED.**[2]

---

[2] Ngongang's motion for an extension of time to file a reply brief is denied.